| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>52-2  JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | **SUMMONS AND COMPLAINT** | **CASE NO.**<br>17-C 00302 GC |

Court address: 5850 Lorac Dr, Village of Clarkston, MI 48346        Court telephone no. (248) 625-4880

| Plaintiff's name(s), address(es), and telephone no(s). | v | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Timothy Harrington<br>c/o MICHIGAN CONSUMER CREDIT LAWYERS<br>22142 W. Nine Mile Rd.<br>Southfield, MI 48033<br>(248) 353-2882 | | Equifax Information Services, LLC<br>RA: CSC Lawyers Incorporating Service Company<br>601 Abbot Road<br>East Lansing MI 48823 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Gary D. Nitzkin P41155<br>MICHIGAN CONSUMER CREDIT LAWYERS<br>22142 W. Nine Mile Rd.<br>Southfield, MI 48033<br>(248) 353-2882 | | Capital One Bank USA, N.A.<br>RA: Corporation Service Company<br>1111 E. Mainstreet, Ste. 1600<br>Richmond VA 23219 |

**SUMMONS** | NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

Issued: 1-26-17    This summons expires: 4-27-17    Court clerk: Kim Parks    JUDGE KOSTIN

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** | Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
|  |  |  |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
|  |  |  |

**VENUE**
| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| White Lake, MI | East Lansing, MI and Richmond, VA |
| Place where action arose or business conducted<br>White Lake, Oakland County, MI | |

Date: 01/20/2017    Signature of attorney/plaintiff: Gary D. Nitzkin w/permission

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT**    MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

**EXHIBIT A**

**PROOF OF SERVICE** | **SUMMONS AND COMPLAINT**
Case No. 17-C 003026C

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Mileage fee | Total fee |
|---|---|---|---|
| $ | | $ | $ |

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                    Date

My commission expires: _____  Signature: _____
                       Date                         Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                    Attachments
_____ on _____
                   Day, date, time
_____ on behalf of _____.
Signature

STATE OF MICHIGAN
IN THE 52-2nd DISTRICT COURT

TIMOTHY HARRINGTON,
    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia company, and
CAPITAL ONE BANK, USA, NA,
a national association.
    Defendants.
_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com
_____/



## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, TIMOTHY HARRINGTON, THROUGH COUNSEL, MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN,** and for his Complaint against the Defendants, plead as follows:

### VENUE

1. The transactions and occurrences which give rise to this action occurred in White Lake Township, Oakland County, Michigan.

2. Venue is proper in 52-2nd District Court in Oakland County, Michigan as the actions and occurrences recited herein occurred in White Lake Township, in Oakland County, Michigan.

1

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## PARTIES

4. The Defendants to this lawsuit are:
   a. Equifax Information Services, LLC ("Equifax") which is a Georgia company that maintains a registered agent in Ingham County, Michigan; and
   b. Capital One Bank, USA, NA ("Capital One") which is a national association that maintains offices in Richmond, Virginia.

## GENERAL ALLEGATIONS

5. Sometime in May 2016, Mr. Harrington called Capital One to make a payment on his credit card over the phone. The representative asked him if he wanted to pay on his Visa or MasterCard account. This is when Mr. Harrington found out that he was a victim of identity theft as he only had a Master Card with Capital One and he never had a Visa credit card with Capital One.

6. Sometime in May 2016, Mr. Harrington disputed the fraudulent Capital One account with Capital One. In response, Capital One sent Mr. Harrington a list of places the Visa was used such as the gas station by his home and the Meijer store where he frequently shops.

7. On or about September 30, 2016, Mr. Harrington filed a police report with the White Lake Township Police Department regarding the identity theft.

8. On or about October 8, 2016, Mr. Harrington obtained his Trans Union credit file and noticed that Capital One reported the fraudulent account with account number 400344793972 ("Bogus Trade Line").

2

9. On or about October 31, 2016, Mr. Harrington submitted a letter to Equifax disputing the Bogus Trade Line. With this dispute letter, he attached his police report and requested that it be removed from his Equifax credit file.

10. Upon information and belief, Equifax forwarded Mr. Harrington's consumer dispute to Capital One.

11. On or about November 10, 2016, Mr. Harrington received correspondence from Equifax which stated that it added an extended fraud alert to his Equifax credit file.

12. On or about December 5, 2016, Mr. Harrington received Equifax's investigation results which showed that Capital One retained the Bogus Trade Line.

13. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in his credit file, Plaintiff have been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by Equifax of Mr. Harrington's consumer dispute to the Bogus Trade Line, Capital One negligently failed to conduct a proper investigation of Mr. Harrington's dispute as required by 15 USC 1681s-2(b).

16. Capital One negligently failed to review all relevant information available to it and provided by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax to remove the Bogus Trade Line from Mr. Harrington's credit file.

17. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Harrington's consumer credit file with Equifax to which it is reporting such trade line.

18. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Mr. Harrington has suffered damages, mental anguish, suffering, humiliation and embarrassment.

19. Capital One is liable to Mr. Harrington by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Mr. Harrington has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

4

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Capital One for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. After being informed by Equifax that Mr. Harrington disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Mr. Harrington's dispute.

23. Capital One willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

24. As a direct and proximate cause of Capital One's willful failure to perform its respective duties under the FCRA, Mr. Harrington has suffered damages, mental anguish, suffering, humiliation and embarrassment.

25. Capital One is liable to Mr. Harrington for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Capital One for the greater of statutory or actual damages, plus punitive damages, along with

5

costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

26. Plaintiff realleges the above paragraphs as if recited verbatim.

27. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Harrington as that term is defined in 15 USC 1681a.

28. Such reports contained information about Mr. Harrington that was false, misleading and inaccurate.

29. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Harrington, in violation of 15 USC 1681e(b).

30. After receiving Mr. Harrington's consumer dispute to the Bogus Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

31. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Harrington has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

32. Equifax is liable to Mr. Harrington by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

33. Plaintiff realleges the above paragraphs as if recited verbatim.

34. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Harrington as that term is defined in 15 USC 1681a.

35. Such reports contained information about Mr. Harrington that was false, misleading and inaccurate.

36. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Harrington, in violation of 15 USC 1681e(b).

37. After receiving Mr. Harrington's consumer dispute to the Bogus Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

38. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Harrington has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

39. Equifax is liable to Mr. Harrington by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

January 20, 2017

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

8